462 F.2d 1098
 UNITED STATES of America, For the Use and Benefit of
PEMBROKE STEEL COMPANY, Appellee,
v.
PHOENIX GENERAL CONSTRUCTION COMPANY, a Corporation, and
United States Fidelity & Guaranty Company, a
Corporation, Appellants.
UNITED STATES of America, For the Use and Benefit of
SOUTHERN DETAILING COMPANY OF SAVANNAH, Inc., Appellee,
v.
PHOENIX GENERAL CONSTRUCTION COMPANY, a Corporation, and
United States Fidelity & Guaranty Company, a
Corporation, Appellants.
 Nos. 71-1990, 71-1991.
 United States Court of Appeals,
 Fourth Circuit.
 Argued March 8, 1972.
Decided June 27, 1972.
 
 John H. Conner, McLean, Va. (Lewis, Mitchell & Moore, McLean, Va., on brief), for appellants.
 Thomas S. Tisdale, Jr., Charleston, S. C. (Young, Clement & Rivers, Charleston, S.C. and Morton G. Forbes, and Pierce, Ranitz, Lee, Berry & Mahoney, Savannah, Ga., on brief), for appellees.
 Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Both of these actions were brought by subcontractors under the provisions of the Miller Act, 40 U.S.C. Secs. 270a-270d. The prime contract, dated December 2, 1968, was between Phoenix General Construction Company and the United States for performance of certain work at the Vertical Missile Packaging Building, Naval Weapons Station, Charleston, South Carolina. The subcontracts, made December 1968 were between Phoenix, on the one hand, and Pembroke Steel Company and Southern Detailing Company of Savannah, Inc., on the other.
 
 
 2
 Phoenix and its surety have resisted these suits on the ground that the subcontracts, in effect, stipulate that all disputes between the general and subcontractor must be submitted to the Government, and administratively decided before suit can be brought against Phoenix. In short, the defendants say that the plaintiffs waived their immediate right of action.
 
 
 3
 Accordingly, the defendants moved the District Court to stay the prosecution of the suits until the administrative decision was rendered. They conceded that the contractual stipulations tolled the time limitations of the Miller Act. From the denial of their motion, the defendants appeal.
 
 
 4
 With the appellees, we agree that under the Miller Act the subcontractor has no claim upon the Government. As the Act prescribes, the only remedy is to proceed against the prime contractor and his surety. By law, the Government does not recognize the subcontractor, and there can be no submission to the Government for resolution of disputes between the subcontracting parties. While the right to sue the prime contractor may be waived "by clear and express provisions" in the subcontract, we observe no such waiver here, express or implied. United States for Use of B's Co. v. Cleveland Electric Co., 373 F. 2d 585 (4 Cir. 1967); Beacon Construction Co. v. Prepakt Concrete Co., 375 F. 2d 977 (1 Cir. 1967). The District Court quite correctly declined the stay.
 
 
 5
 Affirmed.